## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| KATIE WOODS, as Independent Administrator of the Estate of JOHN WOODS, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 22-cv-03839 |
| v. | ) ) | Judge Marvin E. Aspen |
| AMERICAN GENERAL LIFE INSURANCE COMPANY, a Delaware Corporation, | ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Defendant American General Life Insurance Company ("American General") moves to dismiss Plaintiff Katie Woods' Complaint under Federal Rule of Civil Procedure 12(b)(6). (Defendant's Rule 12(b)(6) Motion to Dismiss ("Mot. to Dismiss") (Dkt. No. 17).) For the following reasons, we grant the motion but give Plaintiff leave to amend her Complaint.

## FACTUAL BACKGROUND

We take the following facts from the Complaint, "documents attached to the [C]omplaint, documents that are critical to the [C]omplaint and referred to in it, [] information that is subject to proper judicial notice[,]" and any additional facts set forth in Plaintiff's opposition, "so long as those facts are consistent with the pleadings." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013) (quotation marks omitted). We have accepted as true all well-pleaded factual allegations and drawn all reasonable inferences in Plaintiff's favor. *O'Brien v. Vill. of Lincolnshire*, 955 F.3d 616, 621 (7th Cir. 2020). But if "an exhibit attached to or

referenced by the" Complaint contradicts Plaintiff's allegations, "the exhibit takes precedence." *Phillips*, 714 F.3d at 1020.

Plaintiff Katie Woods is the widow and estate administrator of John Woods, a deceased individual who is the named insured on a policy issued by Defendant American General. (Complaint for Declaratory Relief ("Compl.") (Dkt. No. 1-2) ¶¶ 6–7.)  The policy in question is an Accidental Injury Policy with an effective date of November 6, 2013.  (*Id.* ¶ 11; *id.* Ex. A ("Policy").)  It requires American General to pay an "Accidental Death Benefit" of $250,000 if the Insured Person (Mr. Woods) dies as the result of an "Accidental Injury."  (Compl. ¶ 17; Policy at 5.)  The Policy defines "Accidental Injury" as "bodily injury to an Insured Person as the result of an Accident, after coverage under this Policy takes effect and while this Policy is in force, which results in care within 72 hours after the injury is sustained."  (Policy at 4.) "Accident" or "Accidental" is defined as:

> [A]n unforeseen event which results in an Accidental Injury to an Insured Person and meets all of the following requirements: (1) It is the direct cause of a loss, and is independent of Sickness or bodily infirmity, including any physical condition.  (2) It is definite as to time and place.  (3) It happens involuntarily, or entails unforeseen consequences if it is the result of an intentional act.  (4) It is sustained on or after the Insured Person's Effective Date of coverage under this Policy and while this Policy is in force.  (5) It directly produces at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration.

(*Id.*)  The Policy states that American General will pay the Accidental Death Benefit "(a) if the Insured Person's loss occurs within 90 days following the Accidental Injury that causes that loss; and (b) subject to all Policy definitions, provisions and exclusions."  (*Id.*)

Two additional provisions of the Policy are relevant to American General's motion.  The first is a provision governing the submission of proof of loss (the "Proof of Loss Provision").  It states:

> You must provide to Us, at Your expense, written proof of loss determined to be satisfactory to Us within 90 days from the date of loss. If it is not reasonably possible for You to provide such written proof of loss within the stated time, Your claim will not be affected if You provide such written proof of loss as soon as is reasonably possible. **However, unless You are legally incapacitated, You must provide such written proof of loss no later than 15 months from the date of loss.** You must provide to Us any authorizations necessary to obtain medical or other records to verify Your loss.

(*Id.* at 8 (emphasis added).) The second relevant provision limits the time period during which the insured may bring a legal action to recover a benefit owed under the Policy (the "Legal Actions Provision"). It provides:

> No legal action may be brought to recover any benefit provided by this Policy until 60 days after the date We receive written proof of loss. **No action may be brought after 3 years from the date written proof of loss must have been provided to Us.**

(*Id.* at 9 (emphasis added).)

On November 24, 2013, shortly after the Policy became effective, Mr. Woods' tracheostomy tube became dislodged while he was receiving medical care, and he went into cardiac arrest and died. (Compl. ¶ 1.) Two days later, Plaintiff sent American General notice of a claim for the Accidental Death Benefit under the Policy. (*Id.* ¶ 22.) On May 8, 2014, American General mailed Plaintiff a premium refund check. (*Id.* ¶ 23.) American General did not pay the Accidental Death Benefit. (*Id.*)

More than five years passed with no further communication between Plaintiff and American General. (*See id.* ¶¶ 23–24.) During this time, Plaintiff filed a medical malpractice action against Kindred Hospital in the Circuit Court of Cook County, Illinois (Case No. 2015 IL 012014) (the "Malpractice Suit"). (*Id.* ¶ 2; Dkt. No. 18-6.) In the Malpractice Suit, Plaintiff alleged that the hospital's negligence was the proximate cause of her husband's death. (Dkt. No.

18-6 ¶¶ 5–6.)  The Malpractice Suit was settled in 2019 after significant litigation and negotiation.  (Compl. ¶ 2.)

On August 19, 2019, Plaintiff sent a letter to American General explaining the resolution of the Malpractice Suit and demanding payment of the Accidental Death Benefit.  (*Id.* ¶ 24.)  In the letter, Plaintiff asserted that the resolution of the Malpractice Suit "firmly established" that Mr. Woods had suffered an "Accidental Injury" within the meaning of the Policy.  (*Id.*)  American General responded to Plaintiff's letter on September 16, 2019.  (*Id.* ¶ 26.)  The company requested an amended death certificate or certified letter from a medical examiner showing that the cause of Mr. Woods' death was not natural before it could make a determination regarding coverage.  (*Id.*; Dkt. No. 18-3 ("Sept. 16 Letter").)  The response reads, in pertinent part:

> According to our records, in March, 2014 we were advised of the Insured's death after a premium notice letter was mailed to the address on record.  A premium refund check was mailed out May 8, 2014 to Katie Woods.  The death certificate received indicates the insured's cause of death was due to Pneumonia and Chronic Obstructive Lung Disease with the manner listed as natural.  In order for the Company to review the policy for any Accidental Benefits due, we would need an amended death certificate or certified letter from a Medical Examiner showing the cause of death to be from another manner other than natural.  Please submit the requested information for further review.  We have enclosed a self-addressed envelope for your convenience.

(Sept. 16 Letter.)  In the letter, American General did not raise any Policy defenses, represent that the loss was covered, or offer to settle the claim.  (*Id.*)

On April 2, 2021, Plaintiff sent American General a second letter explaining that Mr. Woods' death was an "Accident" and therefore covered by the Policy.  (Compl. ¶ 28; Dkt. No. 18-4.)  Plaintiff attached an expert report that had been prepared in connection with the

Malpractice Suit, a copy of the expert's deposition testimony, and a court order approving the settlement of the Malpractice Suit. (Compl. ¶ 24; Dkt. Nos. 18-4 to 18-6.)

On July 23, 2021, American General sent Plaintiff a letter denying coverage for the claim on the grounds that Mr. Woods' death did not meet the Policy's definition of "Accidental Injury." (Compl. ¶ 30; Dkt. No. 18-7.) American General did not raise any other Policy defenses in this letter. (*See* Dkt. No. 18-7.) Plaintiff alleges that this was the first time that American General represented that it would not provide coverage for Mr. Woods' death. (Compl. ¶ 32.)

## PROCEDURAL BACKGROUND

Plaintiff initially filed this suit in the Circuit Court of Cook County, Illinois, asserting claims for declaratory judgment, breach of contract, unjust enrichment, and bad faith pursuant to 215 Ill. Comp. Stat. 5/155 ("Section 155") based on American General's failure to pay the Accidental Death Benefit. (*See* Compl.) American General timely removed the suit to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (Dkt. No. 1.)[1] American General now moves to dismiss the Complaint pursuant to Rule 12(b)(6). (*See* Mot. to Dismiss.)

---

[1] We are satisfied that diversity jurisdiction over Plaintiff's lawsuit existed when it was removed. *See Grinnell Mut. Reinsurance Co. v. Shierk*, 121 F.3d 1114, 1117 (7th Cir. 1997) (diversity jurisdiction is determined at the time a state court case is removed to federal court). The amount-in-controversy requirement is satisfied because Plaintiff seeks $250,000 in damages. (*See* Compl. ¶ 45.) Moreover, the parties are completely diverse. American General is a citizen of Delaware (where it is incorporated), and Texas (where it maintains its principal place of business). (Notice of Removal (Dkt. No. 1) ¶ 7.) As for Mr. Woods, whose citizenship matters for purposes of this lawsuit, 28 U.S.C. § 1332(c)(2), he was residing in Illinois at the time of his death, his wife and children all reside in Illinois, and the probate action to administer his estate was filed in Cook County, Illinois. (Notice of Removal ¶ 6; Dkt. No. 1-3.) Based on these facts, we are persuaded that Mr. Woods was a citizen of Illinois. *See Schnakenburg v. Krilich,* 573 F. Supp. 3d 1312, 1316 (N.D. Ill. 2021) (relying on probate court records to establish citizenship of decedent for diversity purposes).

## LEGAL STANDARD

At the Rule 12(b)(6) stage, "we test the sufficiency of the complaint, not the merits of the case." *Gociman v. Loyola Univ. of Chi.*, 41 F.4th 873, 885 (7th Cir. 2022). "We construe the complaint in the light most favorable to [the] plaintiff, accept all well-pleaded facts as true, and draw reasonable inferences in [the] plaintiff's favor." *Taha v. Int'l Bhd. of Teamsters*, 947 F.3d 464, 469 (7th Cir. 2020). To survive a Rule 12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice of the claim's basis to the defendant. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Adams v. City of Indianapolis*, 742 F.3d 720, 728–29 (7th Cir. 2014). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although a facially plausible complaint need not give "detailed factual allegations," it must allege facts sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "If the well-pleaded allegations plausibly suggest—as opposed to possibly suggest—that the plaintiff[ ] [is] entitled to relief, the case enters discovery." *Alarm Detection Sys., Inc. v. Vill. of Schaumburg*, 930 F.3d 812, 821 (7th Cir. 2019).

## ANALYSIS

American General argues that Plaintiff's Complaint should be dismissed in its entirety because (1) Plaintiff's breach of contract claim is time-barred by the Legal Actions Provision and the Proof of Loss Provision, (2) Plaintiff's unjust enrichment claim is duplicative of her breach of contract claim, and (3) Plaintiff's Section 155 claim is precluded by a *bona fide* dispute concerning coverage. (Defendant's Memorandum in Support of Its Rule 12(b)(6) Motion to

Dismiss ("Def.'s Rule 12(b)(6) Mem.") (Dkt. No. 18) at 6–14.)  American General does not

directly address Plaintiff's declaratory judgment claim.  (*See id.*)

## I.  Plaintiff's Claim for Breach of Contract

We first address Plaintiff's breach of contract claim.  The parties agree that Illinois

substantive law governs this claim.  (*See generally* Def.'s Rule 12(b)(6) Mem.; Plaintiff's

Memorandum in Opposition to Defendant's Motion to Dismiss ("Pl.'s Rule 12(b)(6) Opp'n")

(Dkt. No. 22).).  In Illinois, "[t]o state a claim for breach of contract . . . a party must allege

(1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff;

(3) a breach by the defendant; and (4) the resultant damages."  *Hongbo Han v. United Cont'l*

*Holdings, Inc.*, 762 F.3d 598, 600 (7th Cir. 2014) (internal quotation marks omitted).  Because

"[p]erformance of contractual conditions is an essential element of a breach of contract action," a

plaintiff must also allege that it has complied with all conditions precedent to state a claim for

breach.  *Sara Lee Corp. v. Litton Indus. Automation Sys., Inc.*, No. 91 C 0971, 1992 WL 22693,

at *2 (N.D. Ill. Feb. 6, 1992).

Plaintiff alleges that Mr. Woods' death meets the Policy's definition of "Accidental

Injury" and that American General breached the Policy by failing to pay the Accidental Death

Benefit within 90 days of her August 2019 demand for payment.  (Compl. ¶¶ 28, 39–45; Dkt.

Nos. 18-4 to 18-6.)  She claims $250,000 (the full value of the Accidental Death Benefit) as

damages.  (Compl. ¶¶ 44–45.)

American General argues that we should dismiss Plaintiff's breach of contract claim for

two independent reasons.  First, American General asserts that Plaintiff's suit is barred by the

Legal Actions Provision because she failed to bring her suit within "3 years from the date written

proof of loss must have been provided to [American General]."  (Def.'s Rule 12(b)(6) Mem. at

7–9; Dkt. No. 18-1 at 9.)  According to American General, this provision required Plaintiff to

bring suit to enforce her rights under the Policy by no later than February 24, 2018. (Def.'s Rule 12(b)(6) Mem. at 8.) Second, American General argues that Plaintiff's suit is also barred by the Proof of Loss Provision because she failed to provide proof of loss that was satisfactory to American General by February 24, 2015. (*Id.* at 9–10.)

We first consider whether the Legal Actions Provision bars Plaintiff's breach of contract claim. In addressing this question, we consider the allegations set forth in the Complaint, as well as the terms of the Policy, which is attached as an exhibit. *See* Fed. R. Civ. P. 10(c). Under Illinois law, "[a]n insurance policy is a contract, and the general rules governing the interpretation of other types of contracts also govern the interpretation of insurance policies." *Crescent Plaza Hotel Owner, L.P. v. Zurich Am. Ins. Co.*, 20 F.4th 303, 308 (7th Cir. 2021) (internal citations omitted). When interpreting a contract, "[t]he court's function is 'to ascertain and give effect to the intention of the parties, as expressed in the policy language.'" *Id.* (quoting *Thounsavath v. State Farm Mut. Auto. Ins. Co.*, 2018 IL 122558, ¶ 17). Where the complaint sets forth relevant dates underpinning a contract dispute, the court is free to dismiss the suit based on timeliness. *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) (citing *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)).

Under Illinois law, a contract term that displaces a statute of limitations is valid "if it was accepted knowingly and voluntarily, is reasonable, and is consistent with public policy." *Daker v. State Farm Fire & Cas. Co.*, No. 21-3210, 2023 WL 1514476, at *2 (7th Cir. Feb. 3, 2023), *reh'g denied*, 2023 WL 2652800 (7th Cir. Mar. 27, 2023) (citing *Taylor v. W. & S. Life Ins. Co.*, 966 F.2d 1188, 1202–04 (7th Cir. 1992)). "Compliance with [a] suit limitation provision of [a] policy is a condition precedent to recovery under a policy." *Great Lakes Reinsurance (UK) v. 1600 W. Venture, LLC*, 261 F. Supp. 3d 860, 863 (N.D. Ill. 2017) (quoting *Cramer v. Ins. Exch.*

*Agency*, 174 Ill. 2d 513, 529 (1996)). For this reason, "[f]ailure to file suit within the limitation period provided by an insurance policy precludes an insured from recovering under the policy and subjects its suit to dismissal." *Omega Demolition Corp. v. Travelers Prop. Cas. of Am.*, No. 14-cv-01288, 2015 WL 3857341, at *6 (N.D. Ill. June 19, 2015); *see also Hollander v. State Farm Mut. Auto. Ins. Co.*, No. 20-CV-04932, 2021 WL 1962383, at *3 (N.D. Ill. May 17, 2021) (dismissing breach of contract claim under Rule 12(b)(6) based on suit limitation provision in insurance policy). This is because the insured's failure to comply with the suit limitation provision precludes a finding that the policy has been breached. *See, e.g.*, *Quantum Mgmt. Grp., Ltd. v. Univ. of Chi. Hosps.*, 283 F.3d 901, 906 (7th Cir. 2002); *Hollmann v. Putman*, 260 Ill. App. 3d 737, 741 (3d Dist. 1994).

The Legal Actions Provision provides that any "legal action" to enforce the terms of the Policy must be initiated no later than three years after the deadline for providing proof of loss. (Policy at 9.) The deadline for providing proof of loss, in turn, is no later than "15 months from the date of loss." (*Id.* at 8.) Plaintiff alleges that the loss occurred on November 24, 2013 (*see* Compl. ¶¶ 1, 19); therefore, proof of loss was due no later than February 24, 2015. Plaintiff should therefore have commenced any legal action to enforce the Policy no later than February 24, 2018. But she did not file this lawsuit until May 20, 2022. (*See* Comp.) Moreover, although the Policy does not define the term, Plaintiff does not dispute that this lawsuit is a "legal action." We find that the plain and ordinary meaning of the phrase "legal action" encompasses this lawsuit, including Plaintiff's breach of contract claim. *See, e.g.*, *Clayton v. Millers First Ins. Cos.*, 384 Ill. App. 3d 429, 432 (5th Dist. 2008) ("If an insurance policy does not define a particular term, a court should afford the term its plain and ordinary meaning."); *Action*, Black's

Law Dictionary (11th ed. 2019).  Plaintiff's suit is therefore untimely under the Legal Actions Provision.

In response, Plaintiff does not contest the validity of the Legal Actions Provision.  (*See* Compl.; Pl.'s Rule 12(b)(6) Opp'n.)  Instead, she argues that American General waived the provision.  (Pl.'s Rule 12(b)(6) Opp'n at 4–10.)  "[W]aiver is the intentional relinquishment of a known right."  *Breckenridge Apartment Homes, LLC v. Greater N.Y. Mut. Ins. Co.*, No. 16 C 50115, 2019 WL 10248740, at *7 (N.D. Ill. Feb. 19, 2019) (internal citation omitted).  Under Illinois law, "[w]aiver can be either express or implied by conduct that is inconsistent with an intent to enforce the right."  *PQ Corp. v. Lexington Ins. Co.*, 860 F.3d 1026, 1036 (7th Cir. 2017).  "Where . . . there is no express waiver, the 'party claiming an implied waiver . . . has the burden of proving a clear, unequivocal, and decisive act of its opponent manifesting an intention to waive its rights.'"  *Id.* (quoting *In re Nitz*, 317 Ill. App. 3d 119, 130 (Ill. App. Ct. 2d Dist. 2000)); *see also G.A.S./Wilson, Ltd. P'ship v. Ins. Co. of N. Am.*, No. 03C4684, 2004 WL 1444931, at *7 (N.D. Ill. June 28, 2004) (in order to overcome a suit limitation provision for the purposes of a Rule 12(b)(6) motion, a plaintiff "must show that the limitation period was tolled" or that defendant "waived its right to enforce this policy provision."); *Vill. of Lake In The Hills v. Illinois Emcasco Ins. Co.*, 153 Ill. App. 3d 815, 817 (2d Dist. 1987) ("Any suit filed after the contractual period has expired is barred unless the insurer has, by some conduct or representation, waived the requirement.").

To support their arguments regarding waiver, both parties cite several pieces of correspondence that American General submitted with its opening memorandum: (1) Plaintiff's August 2019 letter to American General, (2) American General's September 2019 response, (3) Plaintiff's April 2021 letter to American General, and (4) American General's July 2021

response.  (*See* Pl.'s Rule 12(b)(6) Opp'n at 6–7; Def.'s Rule 12(b)(6) Mem. at 7–10; Dkt. Nos. 18-2 to 18-7 (attached as exhibits to Def.'s memorandum).)  Ordinarily, when ruling on a motion to dismiss under Rule 12(b)(6), we are confined to considering the allegations in the complaint. *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997).  However, we "may consider documents attached to a motion to dismiss . . . if they are referred to in the plaintiff's complaint and are central to his claim."  *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) (quotation marks omitted).  This "doctrine prevents a plaintiff from evad[ing] dismissal under Rule 12(b)(6) simply by failing to attach to his complaint a document that prove[s] his claim has no merit."  *Id.*  (quotation marks omitted).

We have considered this correspondence in addressing the parties' waiver arguments.  In the first place, the Complaint expressly refers to the contents of each of these four documents. (*See* Compl. ¶¶ 24–25 (referencing the contents of Plaintiff's August 2022 letter); *id.* ¶ 26 (referencing the contents of American General's September 2019 response); *id.* ¶¶ 28–29 (referencing Plaintiff's April 2021 letter); *id.* ¶¶ 30–32 (referencing American General's July 2021 response).)  These communications are also central to several allegations underpinning Plaintiff's breach of contract claim, including the allegations that she complied with the provisions of the Policy (*id.* ¶ 41), made a proper demand for payment (*id.* ¶ 42), and that American General breached the Policy by failing to pay the Accidental Death Benefit.  (*Id.* ¶ 43.) Finally, Plaintiff concedes that her allegations of waiver are not "explicitly alleged" and must be inferred from the documents.  (Pl.'s Rule 12(b)(6) Opp'n at 5.)  Thus, we find it appropriate to consider these extrinsic documents.

We next consider whether Plaintiff has adequately alleged waiver of the Legal Actions Provision.  Plaintiff does not claim that American General expressly waived the Legal Actions

Provision, so we confine our inquiry to whether Plaintiff has plausibly alleged implied waiver. Implied waiver must be demonstrated clearly and unequivocally. (*See* Pl.'s Rule 12(b)(6) Opp'n.); *PQ Corp.*, 860 F.3d at 1036. Plaintiff points to three instances of American General's conduct or inaction as evidence of its intent not to enforce the Legal Actions Provision. First, she claims that "[American General] never requested additional documents or notified Plaintiff that her submission was deficient in any way" after she submitted her initial notification of Mr. Woods' death in November 2013. (Pl.'s Rule 12(b)(6) Opp'n at 6.) Second, Plaintiff points to American General's September 2019 letter, which requests additional information about the claim, including an amended death certificate or certified letter from a medical examiner. (*Id.* at 7.) Finally, Plaintiff cites American General's July 2021 letter, which denied coverage based on the Policy's definition of "Accident," but not on any other grounds. (*Id.*)

Plaintiff fails to plausibly allege that American General waived the Legal Actions Provision. First, American General's failure to communicate further with Plaintiff after receiving notification of Mr. Woods' death in November 2013 cannot be construed as an implied waiver. Under Illinois law, a party is presumed to know the contents of a contract to which it has agreed, and the counterparty is not obligated to advise it of the contract's terms absent an agreement to that effect. *Ace Am. Ins. Co. v. Wendt*, *LLP*, 724 F. Supp. 2d 899, 903 (N.D. Ill. 2010); *All Am. Roofing, Inc. v. Zurich Am. Ins. Co.*, 404 Ill. App. 3d 438, 447 (1st Dist. 2010) ("[A] contracting party is not obligated to advise the other party of the contents of the agreement they are signing"). As discussed above, the Legal Actions Provision required Plaintiff to commence any legal action to enforce the Policy no later than February 24, 2018, and Plaintiff cites no provision of the Policy obligating American General to inform her of this requirement. (*See* Compl.; Pl.'s Rule 12(b)(6) Opp'n.) Absent an affirmative duty obligating American

General to communicate further with Plaintiff, we cannot conclude that its failure to do so waived its rights under the Legal Actions Provision. *See Sakelaris v. Guardian Life Ins. Co. of Am.*, No. 21 C 05317, 2022 WL 1238961, at *4 (N.D. Ill. Apr. 27, 2022) (insurer's "alleged failure to inform" the insured "that more was needed from him" in order to receive benefits under a life insurance policy was insufficient to establish implied waiver); *W. Tube Co. v. Aetna Indem. Co.*, 181 Ill. App. 592, 597 (1st Dist. 1913) ("Mere silence or refusal to answer letters . . . is not sufficient" to establish waiver).

Plaintiff also fails to plausibly allege that American General's September 2019 letter constituted an intentional waiver of the Legal Actions Provision. To demonstrate implied waiver, the waiving party's conduct must be "inconsistent with any other intention" other than to waive the right in question. *Golbeck v. Johnson Blumberg & Assocs., LLC*, No. 16-cv-6788, 2017 WL 3070868, at *7 (N.D. Ill. July 19, 2017). As a general matter, an insurer does not necessarily waive a defense by failing to assert it in a letter to its insured. *See Universal Fire & Cas. Ins. Co. v. Jabin*, 16 F.3d 1465, 1470 (7th Cir. 1994) (citing *Tobi Eng'g v. Nationwide Mut. Ins.*, 214 Ill. App. 3d 692, 696 (1st Dist. 1991)); *accord Rabin v. Provident Life & Acc. Ins. Co.*, No. 98 C 1577, 2000 WL 1131944, at *11 (N.D. Ill. Aug. 9, 2000); *Ladd Const. Co. v. Insurance Co. of North America*, 73 Ill.App.3d 43, 49–50 (3d. Dist. 1979).

Here, the fact that the September 2019 letter was sent after the suit limitation period had expired dooms Plaintiff's implied waiver argument. We find *Tibbs v. Great Central Insurance Co.*, 57 Ill. App. 3d 866 (5th Dist. 1978) to be instructive. In *Tibbs*, after the expiration of a contractual limitations period, the insurer sent a letter to the insured denying coverage based on insufficient medical records. *Id.* at 868. The insurer did not raise the timeliness defense in its letter. *Id.* In ruling on the insurer's motion to dismiss, the Illinois Appellate Court held that the

13

insurer's letter did not waive the timeliness defense because the communication was sent after the limitation period had already expired. *Id.* at 868–70. "[T]he insurance company's denial of liability on an unrelated ground, made after expiration of the time limitation for bringing suit" did not imply "any intention to waive the failure to comply" with the suit limitation provision. *Id.* Similarly, we cannot find here that American General expressed any intention to waive the Legal Actions Provision in its September 2019 letter given that the suit limitation period had already expired.

For the same reason, American General's July 2021 letter denying coverage of Plaintiff's claim does not plausibly demonstrate waiver of the Legal Actions Provision. Because the denial of coverage occurred after the limitation period had expired, American General's failure to assert the timeliness defense in this letter cannot be construed as waiver. *Tibbs*, 57 Ill. App. 3d at 869.

Plaintiff argues that this case is analogous to *O'Brien v. Country Mutual Insurance Co.*, 105 Ill. App. 2d 21 (1st Dist. 1969). (*See* Pl.'s Rule 12(b)(6) Opp'n at 7.) We disagree. In *O'Brien*, the Appellate Court reversed the trial court's denial of the plaintiff's motion to amend its complaint. *Id.* 25. The proposed amendment alleged facts related to waiver of a suit limitation provision, specifically that the insurer had "[held] out reasonable hope of adjustment" and "deter[ed] [the] insured from bringing suit within the time limits of the policy" because it had made a settlement offer to the insured two days prior to the expiration of the suit limitation period. *Id*. at 24. Here, by contrast, the Complaint contains no allegations that American General held out a "reasonable hope of adjustment" to Mr. Woods or Plaintiff while the Policy was in force. Nor is there any allegation that American General did anything to deter Plaintiff from bringing suit before the limitation period expired, such as making a settlement offer to Plaintiff or acknowledging that the loss was covered.

14

In sum, Plaintiff does not plausibly allege that American General undertook any clear, unequivocal, and decisive act indicating that it intended to waive the suit limitation period contained in Legal Actions Provision.  The Complaint's bare allegation that "[p]rior to [American General's] July 23, 2021, letter, [American General] remained open and willing to pay the death benefit" is conclusory and need not be credited.  (Compl. ¶ 31); *see also ADM Inv. Servs., Inc. v. Collins*, No. 05 C 1823, 2006 WL 224095, at *8 (N.D. Ill. Jan. 26, 2006) ("Simply pleading legal conclusions like 'waiver' and 'estoppel' is not enough because even under the liberal federal pleading standards, bare bones conclusory allegations with no supporting facts are not sufficient").  Without allegations plausibly suggesting that American General waived the Legal Actions Provision, we must dismiss Plaintiff's breach of contract claim as untimely. *Hollander*, 2021 WL 1962383, at *3; *see also Redfield v. Cont'l Cas. Corp.*, 818 F.2d 596, 610 (7th Cir. 1987) ("The appropriate remedy for a plaintiff's failure to allege compliance with conditions precedent is dismissal without prejudice.").  In view of this conclusion, we need not address whether she has plausibly alleged waiver of the Proof of Loss Provision.

## II.     Plaintiff's Claim for Unjust Enrichment

We turn next to Plaintiff's claim for unjust enrichment.  To state a claim for unjust enrichment under Illinois law, a plaintiff must allege that "the defendant has unjustly retained a benefit to the plaintiff's detriment and that [the] defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience." *Gociman*, 41 F.4th at 886 (citing *Hatcher v. Hatcher*, 2020 IL App (3d) 180096, ¶ 15 (citation omitted)).  An unjust enrichment claim may not be brought in circumstances where the alleged misconduct is governed by a contract. *Miszczyszyn v. JPMorgan Chase Bank, N.A.*, No. 18-cv-3633, 2019 WL 1254912, at *4 (N.D. Ill. Mar. 19, 2019).  In determining whether an unjust enrichment claim is foreclosed by a contract, courts look to the subject matter of the contract, rather than the

15

contract's specific terms or any provisions related to the claim, and they interpret the contract's subject matter broadly. *Callahan v. H.E. Wisdom & Sons, Inc.*, No. 20 C 2852, 2021 WL 4552553, at *2 (N.D. Ill. Oct. 5, 2021) (citing *Utility Audit, Inc. v. Horace Mann Serv. Corp.*, 383 F.3d 683, 689 (7th Cir. 2004)). "Where the existence of a contract between the parties is undisputed, an unjust enrichment claim will seldom survive a motion to dismiss." *Gociman*, 41 F.4th at 887 (internal citation omitted).

Plaintiff's unjust enrichment claim is identical to her breach of contract claim. The claim is predicated upon American General's "refus[al] to abide by the terms of a valid and enforceable contract," and it seeks identical damages as Plaintiff's breach of contract claim. (Compl. ¶¶ 49–50.) Although "[a]n unjust enrichment claim may survive a motion to dismiss when the validity or the scope of the contract is difficult to determine, or if the claim at issue falls outside the contract," *Gociman*, 41 F.4th at 887, Plaintiff does not contest the validity or scope of the Policy or allege that the claims at issue fall outside of its ambit. Plaintiff attempts to plead her unjust enrichment claim in the alternative, but her claim incorporates by reference the same allegations that support her breach of contract claim, including the allegation that Mr. Woods "and American General entered into a valid and enforceable insurance agreement." (*Id.* ¶¶ 40, 46.) This is not proper pleading. *See Gociman*, 41 F.4th at 887 (affirming dismissal of unjust enrichment claims that incorporated by reference allegations of the existence of a contract between the parties). Because the allegations underpinning Plaintiff's unjust enrichment claim are identical to those advanced in support of her breach of contract claim, her unjust enrichment claim fails.

### III. Plaintiff's Claim for Bad Faith Damages Under Section 155

Next, we turn to Plaintiff's claim for damages pursuant to Section 155. Section 155 provides a remedy to "insureds who encounter unnecessary difficulties resulting from an

16

insurance company's unreasonable and vexatious refusal to honor its contract with the insured." *Dental Experts, LLC v. Mass. Bay Ins. Co.*, 536 F. Supp. 3d 318, 324 (N.D. Ill. 2021) (quoting *First Ins. Funding Corp. v. Fed. Ins. Co.*, 284 F.3d 799, 807 (7th Cir. 2002)). The Seventh Circuit has indicated that Section 155 "does not create a cause of action"; it instead "provides a remedy" in insurance coverage disputes. *Hennessy Indus., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 770 F.3d 676, 679 (7th Cir. 2014). "[W]hen an insurer denies the claim of an insured because no coverage exists, the insurer has not failed to honor its contractual obligations under an insurance policy." *Id.* "As such, Illinois courts allow a cause of action to proceed under Section 155 only if the insurer owed the insured benefits under the terms of [an insurance] policy." *Dental Experts*, 536 F. Supp. 3d at 324.

Plaintiff's attempt to allege Section 155 as a separate count independent of her breach of contract claim fails. Section 155 is a remedy for breach of contract and not a separate cause of action. *Hennessy*, 770 F.3d at 679. Because Plaintiff's breach of contract claim is barred, her Section 155 claim must also fail. Furthermore, even if Plaintiff could plead Section 155 as a separate cause of action, the provision only allows damages "if it appears to the court that [the insurer's] *delay* in settling a claim is vexatious and unreasonable." 215 Ill. Comp. Stat. 5/155 (emphasis added). The Complaint does not contain any allegations that American General has unreasonably delayed in doing anything, and, absent such allegations, a claim for Section 155 damages cannot stand. (*See* Compl. ¶ 56); *Phillips*, 714 F.3d at 1023–24 (affirming dismissal of Section 155 claim where there were no allegations of delay). Plaintiff's claim for bad faith damages pursuant to Section 155 is therefore dismissed.

**IV.     Plaintiff's Claim for Declaratory Judgment**

Finally, Plaintiff seeks a declaratory judgment "to declare and to adjudicate the rights and liabilities of the parties under the provisions of the [Policy]." (Compl. ¶¶ 33–38.) The Declaratory Judgment Act "allows federal courts, in their discretion, to render declaratory judgments only where there exists an 'actual controversy.'" *Int'l Equip. Trading, Ltd. v. Illumina, Inc.*, 312 F. Supp. 3d 725, 735–36 (N.D. Ill. 2018) (quoting *Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 627 (7th Cir. 1995)). Accordingly, to survive a motion to dismiss, a complaint seeking declaratory relief "must allege facts sufficient to establish such an actual controversy." *Id.* at 736 (citing *Int'l Harvester Co. v. Deere & Co.*, 623 F.2d 1207, 1210 (7th Cir. 1980)). Even if an actual controversy exists, "[i]t is well settled that the federal courts have discretion to decline to hear a declaratory judgment action, even though it is within their jurisdiction." *Vulcan Golf, LLC v. Google Inc.*, 552 F. Supp. 2d 752, 778 (N.D. Ill. 2008).

The declaratory relief that Plaintiff seeks is identical to the relief sought in connection with her breach of contract claim. Plaintiff requests a declaration that, among other things, (1) she has complied with the terms of the Policy, (2) Mr. Woods' death was an "Accident," (3) she has no further duties with respect to the Policy, and (4) that American General owes her benefits under the Policy. (Compl. ¶¶ 33–38.) All of these requests relate to her breach of contract claim. Because the suit limitation provision bars Plaintiff from recovering under the Policy, Plaintiff's declaratory judgment claim seeking similar relief is also barred. *See Greenhill v. Vartanian*, No. 15-cv-09585, 2017 WL 5294039, at *6 (N.D. Ill. Nov. 13, 2017), *aff'd*, 917 F.3d 984 (7th Cir. 2019) ("[E]very federal appellate court to address the issue has held that a claim for declaratory judgment remains barred to the same extent that a time bar applies to the underlying claim for substantive relief."). Because Plaintiff's declaratory judgment claim does

18

not add anything not at issue in her breach of contract claim, which we are dismissing, no actual controversy currently exists to support a declaratory judgment. *See Lansing v. Carroll*, 868 F. Supp. 2d 753, 763–64 (N.D. Ill. 2012) (dismissing declaratory judgment claim that "fail[ed] to add anything not already raised in the breach of contract claim").

## V.     Leave to Amend

Finally, we must consider whether to give Plaintiff a chance to amend the Complaint. A district court must allow a plaintiff the opportunity to amend its complaint "unless there is a good reason . . . for denying leave to amend." *Liebhart v. SPX Corp.*, 917 F.3d 952, 964 (7th Cir. 2019) (quotation marks omitted). Whether to grant a plaintiff leave to amend "is a matter purely within the sound discretion of the district court." *Brunt v. Serv. Emps. Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002). American General argues that we should dismiss Plaintiff's claims with prejudice because amendment cannot cure her failure to timely file her suit within the contractual limitations period. (Def.'s Rule 12(b)(6) Mem. at 9.) In response, Plaintiff requests leave to amend to provide additional support for her waiver arguments, as well as her unjust enrichment claim. (Pl.'s Rule 12(b)(6) Opp'n at 13–14.)

We grant Plaintiff leave to amend. At this early stage, it is proper to give Plaintiff one more chance to replead her claims, especially because many of the allegations that are relevant to her waiver arguments do not appear on the face of her Complaint. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015) ("[A]pplying the liberal standard for amending pleadings, especially in the early stages of a lawsuit, is the best way to ensure that cases will be decided justly and on their merits.").

## CONCLUSION

For the foregoing reasons, American General's Motion to Dismiss (Dkt. No. 17) is granted. Plaintiff shall have until May 22, 2023, to file an Amended Complaint if she can do so

in accordance with this Opinion and Federal Rule of Civil Procedure 11.  The status hearing set

for May 18, 2023, is stricken and reset to July 13, at 10:30 a.m.

_____
Marvin E. Aspen
United States District Judge

Dated: May 1, 2023